UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) )  ) No. 4:20-CR-318-SEP-DDN (SPM) |
| v. | ) ) |
| DEWAYNE FAIR, | ) ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S RESPONSE TO**
**<u>DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER</u>**

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Donald S. Boyce, Assistant United States Attorney for said District, and in response to the Defendant's Motion to Reconsider the Court's Order of Detention (Doc. 42) states that the Motion should be denied because the Defendant has presented no new information that has a material bearing on the issue of detention.

1. On June 8, 2020, the Court held the defendant's detention hearing. (Doc. 8). After hearing arguments from the parties, the Court advised that the issue of detention would be taken under submission until after the filing of the Bail Report. (Doc. 8). On July 14, 2020, the Defendant's Bail Report (Doc. 19) was issued, and neither party filed any additions or corrections. On July14, 2020, the Court issued its Order of Detention (Doc. 20), finding by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. In its Order, the Court specifically noted that the circumstances of the offense, in which the Defendant was involved in a shooting, and the strength of the Government's case further support the order of detention. (Doc. 20). In support of the Order, the Court also noted the

1

Defendant's bad track record for compliance with court supervision; that the Defendant was on probation at the time of this offense; and the Defendant's history of absconding from supervision. (Doc. 20).

2. On October 19, 2020, the Defendant filed his Motion for Reconsideration of the Order of Detention. (Doc 42). In his motion, the Defendant argues for reconsideration of the Detention Order under 18 U.S.C. § 3142(f). The Defendant's Motion should be denied because the Defendant has identified no new information that has a material bearing on the issue of detention.

3. In support of his motion, the Defendant argues that his father, a City employee and former Sheriff's Deputy, is amenable to serving as a Third-Party Custodian for the Defendant. This is not new information. The Bail Report states that prior to his arrest the Defendant had been living with his father, and it identifies the Defendant's father's work history. Nothing about this information has a material bearing on the issue of detention.

4. In support of his motion, the Defendant cites the COVID-19 pandemic, however, the pandemic and its associated health risks were well known at the time of the detention hearing in this case, and no new information about the virus has been presented in the Defendant's Motion.

5. In Support of his Motion, the Defendant notes that he has nerve damage to his left leg and foot and that he is charged $15 to visit the doctor at the St. Genevieve County Jail. The information regarding the Defendant's nerve damage was contained in the Bail Report and, therefore, is not new. The US Marshals Service Reports that as part of their contract to house pretrial detainees with the St. Genevieve County (and with other jails), the jail may charge detainees a modest co-payment in conjunction with a routine doctor's visit, just as a person would typically be expected to pay when visiting a doctor normally. The USMS reports that if the Defendant is in need of emergency medical attention while he is a pretrial detainee, it will be provided without concern for a co-payment. The

cost of a co-payment for a routine doctor's visit is not information that has a material bearing on the issue of the Defendant's danger to the community.

6. In support of his Motion, the Defendant notes that his State probation has not been revoked, but that was the case with the Defendant's probation at the time of the filing of the Bail Report.

7. In support of his motion, the Defendant states that he is willing to participate in electronic monitoring and to abide by conditions of bond imposed by the Court.  The Defendant made that argument at his detention hearing, and, thus, it does not constitute new information.

Because the Defendant has presented no new information that has a material bearing on the issue of detention, the Defendant's Motion to Reconsider should be denied.

> Respectfully submitted,
>
> JEFFREY B. JENSEN
> United States Attorney
>
> /s/ *Donald S. Boyce*
> DONALD S. BOYCE #6282562IL
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of this document was filed with the Court's electronic file management system for service upon defense counsel on October 20, 2020.

> /s/ *Donald S. Boyce*
> Assistant United States Attorney